# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL KONS, | CASE NO. 1:07-cv-00918-AWI-YNP PC |
| Plaintiff, | ORDER DENYING DEFENDANTS' MOTION TO DISMISS |
| v. | (Doc. 22) |
| S. LONGORIA, et al., | |
| Defendants. | |

Plaintiff Michael Kons ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Before the Court is Defendants' motion to dismiss based on Plaintiff's failure to properly exhaust his administrative remedies prior to filing suit, as required by the Prison Litigation Reform Act ("PLRA"). (Doc. #22.) For the reasons set forth below, the Court finds that Plaintiff has exhausted his administrative remedies and Defendants' motion to dismiss is denied.

**I.    Background**

Plaintiff filed the complaint in this action on June 22, 2007. (Doc. #1.) Plaintiff alleges that Defendants Longoria and Syra attacked Plaintiff and thereby violated Plaintiff's right to be free from cruel and unusual punishment under the Eighth Amendment. The Court screened Plaintiff's claim on July 7, 2007 and found that it stated a cognizable claim. (Doc. # 15.) Defendants filed a motion to dismiss on October 6, 2008. (Doc. #22.) Plaintiff filed an opposition to Defendants' motion to dismiss on October 20, 2008. (Doc. #23.) Defendants filed a reply to Plaintiff's opposition on

1

1  October 22, 2008. (Doc. # 24.) All parties have consented to magistrate jurisdiction. (Docs #9, 20.)

**II.     Defendant's Motion to Dismiss**

Defendants argue in their motion to dismiss that they are entitled to dismissal because Plaintiff did not properly exhaust his administrative remedies prior to filing this lawsuit. (Defs.' Notice of Mot. and Mot. to Dismiss; Mem. of P. & A. in Supp. 1:20-21.)

Defendants allege that Plaintiff submitted one grievance regarding the use of excessive force incident at issue in this lawsuit. (Mot. to Dismiss 3:15-16.) Plaintiff's grievance was partially granted at the second formal level. (Mot. to Dismiss 3:16.) Defendants contend that Plaintiff pursued the grievance to the Third/Director's Level, but it was screened out due to Plaintiff's failure to submit it within fifteen working days of the Second Level decision. (Mot. to Dismiss 3:17-19.) Thus, Defendants conclude that Plaintiff has not submitted any grievances regarding the excessive force incident at issue in this lawsuit that were accepted at the Third/Director's Level of review. (Mot. to Dismiss 3:19-21.) Because Plaintiff did not file any grievances that were accepted at the Third/Director's Level of review, Defendants argue that Plaintiff failed to complete the grievance process. (Mot. to Dismiss 5:23-6:4.)

Plaintiff's response to Defendants' motion to dismiss provides more detail regarding what occurred and is largely in accord with Defendants' factual allegations. Plaintiff alleges that he attempted to pursue his grievance to the Third/Director's Level but was time-barred. (Pl.'s Mot. in Rebuttal to Defs.' Mot. to Dismiss; Mem. of P. & A. in Supp. 3:20-21.) Plaintiff alleges that state officials violated time constraints by failing to answer his Second Level grievance by June 1, 2006. (Rebuttal to Defs.' Mot. to Dismiss 3:21-23.) Plaintiff alleges that Second Level responses must be completed within 30 working days and that state officials had from April 19, 2006 to June 1, 2006 to answer Plaintiff's appeal, but Plaintiff did not receive his appeal back until July 25, 2006. (Rebuttal to Defs.' Mot. to Dismiss 4:24-5:2.)

After Plaintiff received the appeal back on July 25, 2006, he sent an appeal on July 27, 2006 to the Internal Affairs Central Region Office for Third/Director's Level review. (Rebuttal to Defs.' Mot. to Dismiss 7:27-8:1.) The Internal Affairs Central Region Office returned it to the prison for

Second Level review. (Rebuttal to Defs.' Mot. to Dismiss 8:2.) On December 11, 2006, J. Jones received the appeal and told Plaintiff to "send it to the address in the 'H' section of [the] appeal." (Rebuttal to Defs.' Mot. to Dismiss 8:2-6.) Plaintiff sent the appeal to the proper address on December 12, 2006. (Rebuttal to Defs.' Mot. to Dismiss 8:5-6.) On March 1, 2007, Plaintiff received a response from the Third/Director's Level informing him that his appeal was denied as untimely. (Rebuttal to Defs.' Mot. to Dismiss 8:6-8.)

In their response to Plaintiff's opposition, Defendants do not dispute any of Plaintiff's factual allegations. Defendants argue that Plaintiff did not file a timely grievance at the Third/Director's Level, and that Plaintiff's actions in filing an appeal with the Office of Internal Affairs does not excuse his obligation to comply with the procedural requirements of the appeals process. (Def.'s Reply to Pl.'s Opp'n to Mot. to Dismiss 2:12-15.) Defendants argue that Plaintiff's failure to send his Third/Director's Level appeal to the proper address was his own fault because he was explicitly instructed on the grievance form what address to send his appeal to. (Defs.' Reply 3:10-14.) Defendants allege that at least four months elapsed between Plaintiff receiving the Second Level response and Plaintiff submitting anything to the Third/Director's Level because Plaintiff had initially sent his Third/Director's Level appeal to the wrong address. (Defs.' Reply 3:20-22.)

**III.   Discussion**

Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The section 1997e(a) exhaustion requirement applies to all prisoner suits relating to prison life. Porter v. Nussle, 435 U.S. 516, 532 (2002). "All 'available' remedies must now be exhausted; those remedies need not meet federal standards, nor must they be 'plain, speedy, and effective.'" Porter, 534 U.S. at 524 (citing Booth v. Churner, 532 U.S. 731, 739 n.5 (2001)). Prisoners must complete the prison's administrative process, regardless of the relief sought by the prisoner and regardless of the relief offered by the process, as long as the administrative process can provide some sort of relief on the complaint stated. Booth, 532 U.S. at 741.

The California Department of Corrections has an administrative grievance system for prisoner complaints. Cal. Code Regs., tit. 15 § 3084, et seq. "Any inmate or parolee under the department's jurisdiction may appeal any departmental decision, action, condition, or policy which they can reasonably demonstrate as having an adverse effect upon their welfare." Cal. Code Regs. tit 15, § 3084.1(a). Four levels of appeal are involved, including the informal level, first formal level, second formal level, and third formal level, also known as the "Director's Level." Cal. Code Regs. tit 15, § 3084.5.

Section 1997e(a) does not impose a pleading requirement, but rather, is an affirmative defense which Defendants have the burden of raising and proving the absence of exhaustion. Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). The failure to exhaust nonjudicial administrative remedies that are not jurisdictional is subject to an unenumerated Rule 12(b) motion, rather than a summary judgment motion. Id. at 1119 (citing Ritza v. Int'l Longshoremen's & Warehousemen's Union, 837 F.2d 365, 368 (9th Cir. 1998) (per curium)). In deciding a motion to dismiss for failure to exhaust administrative remedies, the court may look beyond the pleadings and decide disputed issues of fact. Id. at 1119-20. If the court concludes that the prisoner has failed to exhaust administrative remedies, the proper remedy is dismissal without prejudice. Id.

The Ninth Circuit has not yet decided whether exceptions to the PLRA's exhaustion requirement exist. Ngo v. Woodford, 539 F.3d 1108, 1110 (9th Cir. 2008). However, other circuits have held that the exhaustion requirement is satisfied when prison officials prevent exhaustion from occurring through misconduct, or fail to respond to a grievance within the policy time limits. See, e.g. Moore v. Bennette, 517 F.3d 717, 725 (4th Cir.2008) ("[A]n administrative remedy is not considered to have been available if a prisoner, through no fault of his own, was prevented from availing himself of it."); Aquilar-Avellaveda v. Terrell, 478 F.3d 1223, 1225 (10th Cir.2007) (Courts are "obligated to ensure any defects in exhaustion were not procured from the action of inaction of prison officials."); Kaba v. Stepp, 458 F.3d 678, 684 (7th Cir.2006) (administrative remedy not available if prison employees do not respond to a properly filed grievance or use affirmative misconduct to prevent a prisoner from exhausting); Boyd v. Corrections Corp. of America, 380 F.3d 989, 996 (6th Cir.2004) ("administrative remedies are exhausted when prison officials fail to timely

respond to properly filed grievance"); Abney v. McGinnis, 380 F.3d 663, 667 (2d Cir. 2004) (inability to utilize inmate appeals process due to prison officials' conduct or the failure of prison officials to timely advance appeal may justify failure to exhaust); Jernigan v. Stuchell, 304 F.3d 1030, 1032 (10th Cir.2002) (the failure to respond to a grievance within the policy time limits renders remedy unavailable); Lewis v. Washington, 300 F.3d 829, 833 (7th Cir.2002) (when prison officials fail to respond, the remedy becomes unavailable, and exhaustion occurs); Foulk v. Charrier, 262 F.3d 687, 698 (8th Cir.2001) (district court did not err when it declined to dismiss claim for failure to exhaust where prison failed to respond to grievance); Powe v. Ennis, 177 F.3d 393, 394 (5th Cir.1999) (when a valid grievance has been filed and the state's time for responding has expired, the remedies are deemed exhausted); Underwood v. Wilson, 151 F.3d 292, 295 (5th Cir.1998) (when time limit for prison's response has expired, the remedies are exhausted); see also Mitchell v. Horn, 318 F.3d 523, 529 (3d Cir.2003) (recognizing that a remedy prison officials prevent a prisoner from utilizing is not an available remedy); Brown v. Croak, 312 F.3d 109, 113 (3d Cir.2002) (formal grievance procedure not available where prison officials told prisoner to wait for termination of investigation before filing formal grievance and then never informed prisoner of termination of investigation); Miller v. Norris, 247 F.3d 736, 740 (8th Cir.2001) (a remedy prison officials prevent a prisoner from utilizing is not an available remedy).

The facts as alleged by all parties show that Plaintiff filed a Second Level appeal. Plaintiff promptly appealed the Second Level decision but sent his appeal to the Office of Internal Affairs. After the appeal returned from the Office of Internal Affairs Plaintiff was notified of the correct address to send his Third/Director's Level appeal. Plaintiff sent his Third/Director's Level appeal to the correct address. Plaintiff's Third/Director's Level appeal was denied as untimely.

Plaintiff alleges that Defendants have "procedurally defaulted" on their defense that Plaintiff did not timely file a Third/Director's Level appeal because prison officials failed to comply with their own procedural requirements by failing to respond to Plaintiff's Second Level grievance in a timely manner. Defendants do not dispute that prison officials' response to Plaintiff's Second Level grievance was not timely.

The Court is reluctant to accept Plaintiff's quid pro quo argument that when prison officials

1  fail to obey their own procedural rules for processing administrative grievances, they are prevented
2  from then using a prisoner's later, unrelated failure to obey procedural rules to support a motion to
3  dismiss for failure to exhaust. However, construing Plaintiff's arguments differently, the Court finds
4  that Plaintiff's administrative remedies became exhausted when prison officials failed to respond to
5  his Second Level appeal within procedural time constraints.

6  Under the Fifth Circuit's reasoning, Plaintiff's administrative remedies would have been
7  deemed exhausted when he filed a valid Second Level grievance and prison officials' time for
8  responding to it had expired. See Powe v. Ennis, 177 F.3d 393, 394 (5th Cir. 1999). Although the
9  continued viability of previously recognized exceptions to the exhaustion requirement is unclear after
10 Woodford v. Ngo, 548 U.S. 81 (2006), see Ngo v. Woodford, 539 F.3d 1108, 1110 (9th Cir. 2008),
11 the Court will follow the Fifth Circuit's reasoning and find that Plaintiff's administrative remedies
12 were exhausted when prison officials failed to respond to Plaintiff's Second Level appeal within the
13 procedural time constraints.

14 If Plaintiff's administrative remedies had been exhausted on June 1, 2006 when prison
15 officials' response to Plaintiff's Second Level appeal was overdue, the question then becomes
16 whether Plaintiff's administrative remedies thereinafter become "un-exhausted" when prison
17 officials deliver their tardy response and Plaintiff is once again obligated to proceed further with the
18 appeals process. The Court is unaware of any precedent that suggests that Plaintiff's administrative
19 remedies (which would have been treated as exhausted had Plaintiff filed his complaint between
20 June 1 and July 25) are no longer exhausted after prison officials delivered their late response to his
21 Second Level appeal, or that Plaintiff waived exhaustion when he attempted to file a Third/Director's
22 Level appeal. Thus, the Court finds that Plaintiff's administrative remedies remain exhausted.

23 **IV.    Conclusion and Order**

24 The Court finds that Defendants have failed to bear their burden of proving that Plaintiff
25 failed to exhaust all available administrative remedies before he filed this action. The Court finds
26 that Plaintiff exhausted his administrative remedies when Defendants failed to respond to Plaintiff's
27 properly filed Second Level grievance within procedural time constraints.
28 Based on the foregoing, it is HEREBY ORDERED that Defendants' motion to dismiss, filed

1  October 6, 2008, is denied.

3  IT IS SO ORDERED.

4  **Dated:     October 5, 2009**                    **/s/ Sandra M. Snyder**
                                                      UNITED STATES MAGISTRATE JUDGE