# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL KONS, | CASE NO. 1:07-cv-00918-SKO PC |
| Plaintiff, | ORDER RE MOTIONS |
| v. | (Docs. 44, 46) |
| S. LONGORIA, et al., | |
| Defendants. / | |

Plaintiff Michael Kons ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Before the Court are two motions from Plaintiff.

**I.      Discussion**

      **A.      Plaintiff's Pitchess Motion**

On February 17, 2010, Plaintiff filed a "Notice of Motion and Motion (Pitchess) for Discovery Concerning Correctional Officers)." (Doc. #44.)  Plaintiff's motion sets forth a number of discovery requests directed at Defendants S. Longoria and B. Syra.  Plaintiff seeks information contained within Defendants' personnel files regarding any complaints filed against Longoria and Syra that accuse them of misconduct.

Defendants filed an opposition to Plaintiff's motion on March 3, 2010.  (Doc. #46.) Defendants argue that Plaintiff's motion, styled as a "Pitchess Motion," has no applicability in a federal civil lawsuit.  Defendants also argue that they do not have possession, custody, or control of

///

1  some of the documents Plaintiff requests and that the information in Defendants' personnel files is

2  privileged.

3         Plaintiff filed a reply to Defendants' opposition on March 23, 2010.  (Doc. #47.)  Plaintiff

4  argues that he was unaware that a Pitchess motion has no applicability in a federal civil lawsuit and

5  argues that Plaintiff is entitled to the information known to Defendants.

6         Plaintiff's motion is denied.  The Court advises Plaintiff that the proper mechanism for

7  compelling discovery responses from Defendants is a motion to compel.[1]  The motion presently

8  before the Court cannot be construed as a motion to compel.  Plaintiff does not clearly describe his

9  attempts to obtain the relevant documents directly from Defendants through a proper discovery

10  request and does not present any arguments that demonstrate how Defendants' objections to

11  Plaintiff's requests were unjustified.

12         Plaintiff is advised that discovery is generally a self-executing process.  Plaintiff does not

13  make discovery requests through the Court.  Local Rules 250.2(c), 250.3(c), and 250.4(c).  Plaintiff

14  must directly serve Defendants with discovery requests, such as document production requests that

15  request relevant documents contained in Defendants' personnel files.  Federal Rule of Civil

16  Procedure 26, 34.  Defendants are then required to respond to Plaintiff's discovery request by

17  furnishing the requested documents or by raising objections to Plaintiff's requests.  Federal Rule of

18  Civil Procedure 34(b)(2).

19         If the parties are unable to resolve the discovery disputes, Plaintiff may re-file a motion to

20  compel.  Federal Rule of Civil Procedure 37(a).  Plaintiff is cautioned that filing a motion to compel

21  that is not substantially justified may result in an order requiring Plaintiff to pay Defendants for the

22  reasonable expenses incurred in opposing Plaintiff's motion, including attorney's fees.  Federal Rule

23  of Civil Procedure 37(a)(5)(B).

24         If Plaintiff chooses to file a motion to compel, Plaintiff is advised that such motion must

25  individually address each request made by Plaintiff.  Plaintiff may not file a motion to compel that

26

27      [1]By contrast, a Pitchess motion is a device by which a California criminal defendant may seek disclosure of
a peace officer's personnel records.  See City of Santa Cruz v. Municipal Court, 49 Cal. 3d 74, 81-82 (1989);

28  Pitchess v. Superior Court, 11 Cal. 3d 531, 537 (1974).  The basis for the motion has been codified into California
Penal Code §§ 832.7, 832.8 and California Evidence Code §§ 1043-1045.

2

1   generally and vaguely argues that all of Defendants' responses are unjustified.  Plaintiff must address

2   each request individually by reciting the original request made by Plaintiff and reciting the response

3   or objections raised by the Defendants to that request.  For each request and response being

4   challenged, Plaintiff must present persuasive arguments that demonstrate how each objection made

5   by Defendants is not justified.  Plaintiff must also attach a copy of his original discovery requests

6   and a copy of Defendants' responses to his motion to compel.

7          **B.       Plaintiff's Motion to Acquire Verified Affidavits**

8          On March 23, 2010, Plaintiff filed a "Formal Request to Acquire Verified Affidavits from

9   Inmate Witnesses Jack Loney, Joseph Williams, and Carlos Gabarette."  (Doc. #46.)  Plaintiff

10  requests the Court's assistance in obtaining affidavits from inmates who witnessed the use of the

11  excessive force alleged in this lawsuit.  Plaintiff alleges that he cannot obtain the affidavits on his

12  own because the inmates are housed in separate institutions and Plaintiff is not allowed to

13  communicate with inmates housed in other institutions.

14         The Court will deny Plaintiff's request.  As an initial matter, it is not clear why Plaintiff

15  needs the affidavits at this stage in litigation.  There are no motions for summary judgment pending

16  and a trial date has not yet been scheduled.  If and when this case is scheduled to go to trial, the

17  Court will address Plaintiff's request to summon incarcerated witnesses to testify on his behalf.

18         Further, the Court notes that the California Code of Regulations set forth the proper

19  procedure for Plaintiff to request to communicate with other incarcerated inmates.  Plaintiff may

20  obtain written authorization from the warden or other prison official to communicate with other

21  inmates by initiating a request with Plaintiff's Correctional Counselor I.  Cal. Code Regs. tit. 15, §

22  3139 (2010).  Plaintiff has not described any attempts that he has made to obtain such authorization.

23  Plaintiff is further advised to contact the prison's litigation coordinator to coordinate

24  communications with other inmate witnesses before seeking the Court's intervention.

25  **II.     Conclusion and Order**

26         Accordingly, it is HEREBY ORDERED that:

27         1.       Plaintiff's Pitchess motion, filed on February 17, 2010, is DENIED; and

28  ///

1       2.       Plaintiff's motion requesting the Court to assist Plaintiff in obtaining affidavits from

2              other inmate witnesses is DENIED.

3

4   IT IS SO ORDERED.

5   **Dated:**   **June 4, 2010**                   **/s/ Sheila K. Oberto**
                                             UNITED STATES MAGISTRATE JUDGE

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28