# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL KONS, | CASE NO. 1:07-cv-00918-SKO PC |
| Plaintiff, | ORDER DENYING MOTION |
| v. | (Doc. 71.) |
| S. LONGORIA, et al., | |
| Defendants. | |

Plaintiff Michael Kons ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On January 31, 2011, Plaintiff filed a motion requesting the Court to order California Department of Corrections and Rehabilitation ("CDCR") officials to provide Plaintiff with "preferred legal user status" ("PLU status") so he can access the legal library. (Doc. #71.) All parties in this action have consented to jurisdiction by U.S. Magistrate Judge. (Docs. #9, 20.)

Plaintiff's motion does not set forth any grounds for the relief he seeks. However, the relief sought is injunctive in nature, and would thus be governed by Federal Rule of Civil Procedure 65, which discusses orders granting preliminary injunctive relief.

The purpose of a preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. University of Texas v. Camenisch, 451 U.S. 390, 395 (1981). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief,

1  that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter
2  v. Natural Resources Defense Council, Inc., 129 S. Ct. 365, 374 (2008).
3      "[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be
4  granted unless the movant, by a clear showing, carries the burden of persuasion." Mazurek v.
5  Armstrong, 520 U.S. 968, 972 (1997) (quotations and citations omitted) (emphasis in original).  A
6  party seeking a preliminary injunction simply cannot prevail when that motion is unsupported by
7  evidence.  With respect to motions for preliminary injunctive relief or a temporary restraining order,
8  the Prison Litigation Reform Act ("PLRA") provides that:

> [i]n any civil action with respect to prison conditions, to the extent otherwise authorized by law, the court may enter a temporary restraining order or an order for preliminary injunctive relief. Preliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm.

13  18 U.S.C. § 3626(a)(2).
14      Plaintiff's two-page motion fails to address the necessary prerequisites for obtaining
15  preliminary injunctive relief.  Plaintiff's motion contains no discussion of whether Plaintiff is likely
16  to succeed on the merits of this action, whether he is likely to suffer irreparable harm in the absence
17  of preliminary injunctive relief, whether the balance of equities tips in his favor, or whether
18  preliminary injunctive relief is in the public's interest.  Further, Plaintiff has not demonstrated that
19  the relief sought is the least intrusive means necessary to correct any harm.
20      Finally, the Court notes that the defendants in this action are correctional officers at the
21  California State Prison in Corcoran, California.  Plaintiff seeks injunctive relief against prison
22  officials at New Folsom State Prison in Represa, California.  He seeks a court order requiring prison
23  officials at New Folsom State Prison to provide him with PLU status and access to the law library.
24  However, orders granting injunctive relief can only bind the parties, the parties' officers, agents,
25  servants, employees, or attorneys, or other persons in active concert or participation with the
26  aforementioned persons.  Federal Rule of Civil Procedure 65(d)(2).  The Court has no authority to
27  order prison officials at New Folsom State Prison to provide Plaintiff with PLU status or access to
28  the law library.

Based on the foregoing, it is HEREBY ORDERED that Plaintiff's motion is DENIED.

IT IS SO ORDERED.

**Dated:      February 23, 2011                     /s/ Sheila K. Oberto**
                                                                UNITED STATES MAGISTRATE JUDGE