# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL KONS, | CASE NO. 1:07-cv-00918-SKO PC |
| Plaintiff, | ORDER RE MOTIONS IN LIMINE |
| v. | |
| S. LONGORIA, et al., | |
| Defendants. | |

A motion in limine hearing was held in this action on March 3, 2011. Plaintiff filed a motion in limine on November 24, 2010. (Doc. #60.) Defendants filed a motion in limine on February 9, 2011. (Doc. #72.) During the hearing, Defendants also moved to exclude any evidence of Plaintiff's migraine headaches during the trial.

**I.  Discussion**

    **A.  Plaintiff's Motion in Limine**

Plaintiff sought to exclude any evidence regarding his prior criminal convictions and his prison disciplinary history. Defendants argued that such evidence is admissible under Federal Rules of Evidence 608 and 609.

        **1.  Prior Convictions**

Under Rule 609(a)(1), for the purpose of attacking the character for truthfulness of a witness, evidence of the prior convictions of a witness "shall be admitted, subject to Rule 403, if the crime was punishable by death or imprisonment in excess of one year under the law under which the witness was convicted." Federal Rule of Evidence 609(a)(1). Under Rule 403, evidence may be

excluded if its probative value is substantially outweighed by the danger of unfair prejudice. Federal Rule of Evidence 403. Plaintiff has been convicted of attempted second degree murder.

The Court will permit Defendants to introduce evidence regarding the time, place, and fact of Plaintiff's felony conviction for the purpose of attacking Plaintiff's character for truthfulness. The Court will not permit Defendants to introduce the details regarding Plaintiff's felony conviction, such as the fact that the conviction was for attempted second degree murder, because the probative value of such evidence is substantially outweighed by the danger of unfair prejudice.

### 2. Disciplinary History

Rule 608(b) provides as follows:

> [s]pecific instances of the conduct of a witness, for the purpose of attacking or supporting the witness' character for truthfulness . . . may not be proved by extrinsic evidence. They may, however, in the discretion of the court, if probative of truthfulness or untruthfulness, be inquired into on cross-examination of the witness (1) concerning the witness' character for truthfulness or untruthfulness, or (2) concerning the character for truthfulness or untruthfulness of another witness as to which character the witness being cross-examined has testified.

Federal Rule of Evidence 608(b). The Court will defer ruling on the admissibility of evidence regarding Plaintiff's disciplinary history until such time as it is determined that the evidence is probative of Plaintiff's truthfulness or untruthfulness. The probative value of such evidence depends on the facts to which Plaintiff testifies and the nature and details of Plaintiff's disciplinary history. Accordingly, Plaintiff may object to the introduction of such evidence during trial and the Court will rule on the admissibility of such evidence if and when Defendants attempt to introduce such evidence at trial.

### B. Defendants' Motion in Limine

Defendants seek to exclude Plaintiff's complaint from evidence as well as any references to cases brought by other inmates concerning the use of excessive force.

Plaintiff's complaint contains hearsay statements from Plaintiff and other inmates and may confuse the jury who may assume the allegations in the complaint are true. Plaintiff has not provided any explanation regarding the relevance of the complaint. During the motion in limine hearing, Plaintiff was advised that he may testify to the facts alleged in the complaint, so long as his

testimony conforms with all pertinent rules of evidence, but Plaintiff may not introduce the complaint itself into evidence.

Plaintiff also sought to introduce evidence regarding lawsuits brought by other prisoners alleging the use of excessive force by correctional officers. Plaintiff has not provided any explanation regarding the relevance of such evidence. Accordingly, this evidence may not be introduced at trial.

### C.  Defendants' Request to Exclude Evidence of Plaintiff's Migraines

During the motion in limine hearing, Defendants argued that evidence of Plaintiff's migraine headaches should be excluded pursuant to Federal Rules of Evidence 701 and 702 because Plaintiff is not qualified to testify that his migraine headaches were caused by Defendants' alleged use of force. Defendants were instructed to set forth their objections to the introduction of such evidence at trial. The Court will rule on the admissibility of such evidence if and when Plaintiff attempts to introduce this evidence at trial.

## II.  Conclusion and Order

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's request to exclude evidence of his prior conviction is PARTIALLY GRANTED. Defendants are limited to introducing evidence of the time, place, and fact of Plaintiff's conviction for the purpose of attacking Plaintiff's character for truthfulness;

2. The Court will defer any ruling on the admissibility of any evidence of Plaintiff's prison disciplinary hearing until Defendants attempt to introduce this evidence at trial;

3. Defendants' request to exclude Plaintiff's complaint from evidence is GRANTED;

4. Defendants' request to exclude evidence related to other lawsuits brought by prisoners alleging the use of excessive force by correctional officers is GRANTED; and

///

///

5. The Court will defer its ruling on the admissibility of evidence regarding Plaintiff's migraine headaches until Plaintiff attempts to introduce such evidence at trial.

IT IS SO ORDERED.

Dated:   **March 4, 2011**                             /s/ Sheila K. Oberto
                                             UNITED STATES MAGISTRATE JUDGE